UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson,<br><br>Plaintiff,<br><br>v.<br><br>Sgt. (SMUA-Shift) Marquart,<br><br>Defendant. | C/A No. 5:13-cv-01899-JMC-KDW<br><br><br><br>Report and Recommendation |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC") proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that Defendant violated his constitutional rights. This matter is before the court on Plaintiff's Motion for Partial Summary Judgment, ECF No. 21, filed on September 9, 2013. Defendant filed an opposition to Plaintiff's motion on September 26, 2013, ECF No. 24, and Plaintiff filed a reply to Defendant's response on October 3, 2013, ECF No. 25. Defendant filed his Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on November 27, 2013.[1] ECF No. 27. The court entered a *Roseboro* Order[2] on December 2, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 28. Plaintiff filed a Response in opposition to Defendant's motion on December 23, 203. ECF No. 31. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the

---

[1] Because the Court has considered matters outside of the pleadings, the undersigned is considering the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

[2] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because these motions are dispositive, a Report and Recommendation is entered for the court's review.

I.     Background

Plaintiff, Corey Jawan Robinson, is an inmate housed at Lieber Correctional Institution. ECF No. 1 at 3. Plaintiff filed his Complaint on July 11, 2013 alleging claims of excessive force, assault and battery, gross negligence, and denial of access to courts. *Id.* at 4. Specifically, Plaintiff contends that on May 9, 2013 he did not receive his lunch tray so he began "knocking on the door" and tried to explain to an unknown officer the he had not received a lunch tray, but the officer "gassed [him] with chemical munition and walked off without hearing what the problem was." *Id.* Plaintiff argues that the unknown officer violated SCDC policy because Plaintiff was "gassed without directive." *Id.* Plaintiff contends that the unknown officer was Defendant Marquart. *Id.* Plaintiff alleges that he did not receive medical treatment after he was gassed and argues that the gas caused him to have blurry vision and a "lung where [he] feels flames." *Id.* Plaintiff also contends that he is being denied an adequate grievance process due to a change in the SCDC grievance procedure that occurred on May 28, 2013 that required Plaintiff to attach a Request to Staff form to his grievance. *Id.* at 5. Plaintiff contends he was unaware of this change and filed his grievance on May 9, 2013, before the change in policy was in effect, therefore, SCDC should have processed his grievance instead of returning it to him unprocessed. *Id.* Plaintiff seeks compensatory and punitive damages, attorney fees and court costs, injunctive relief, and a non-jury trial. *Id.* at 6.

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

III.   Analysis[3]

Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing his § 1983 action.  ECF No. 27 at 3. 42 U.S.C. Section 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). However, '[d]efendants may . . . be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance

---

[3] Defendant Marquart also moves for summary judgment on the merits of Plaintiff's excessive force claims, and argues that he is entitled to qualified immunity, and that Plaintiff's state law claims are barred under the South Carolina Tort Claims Act. Because the undersigned recommends that summary judgment be granted for failure to exhaust, these arguments were not addressed.

4

procedures.'" *Stenhouse v. Hughes*, C/A No. 9:04-23150-HMH-BHH, 2006 WL 752876, at *2 (D.S.C. Mar. 21, 2006) (quoting *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004)).

Defendant cites to Plaintiff's affidavit given in support of Plaintiff's Partial Motion for Summary Judgment, *see* ECF No. 21-1, and argues that Plaintiff "clearly outlines that he did not file a Step 2 Grievance, did not exhaust his remedies prior to filing his lawsuit, and failed to appropriately utilize the grievance process." ECF No. 27 at 4.  Defendant contends that Plaintiff acknowledges that "he has not received final decisions regarding any of his grievances, and in many instances, he failed to file a grievance related to the allegations in his Complaint before filing the Complaint." *Id.*   Accordingly, Defendant argues that Plaintiff's Complaint should be dismissed.

In response to this argument, Plaintiff offers his own affidavit and attests that he has "exhausted all available administrative remedies."  Robinson Aff. ¶ 6, ECF No. 31-1. Plaintiff avers that he filed a grievance on May 9, 2013, that was received on May 14, 2013 and returned on May 15, 2013 "stating that it was unprocessed due to failure to attach request form."  *Id.* Plaintiff contends that the requirement that he attach a Request to Staff form "occurred May 28, 2013" after he filed his grievance, however the grievance counselors were "informed to process the grievances filed after May 6, 2013 within the guidelines of the policy." *Id.*  Plaintiff attests that he was not informed of the policy change so that he could have attached the Requests to Staff he gave to SCDC supervisors and the warden.  *Id.*   Plaintiff avers that he still has not received a response to his Requests to Staff, and therefore his grievance would have been untimely because the grievance had to be filed 15 days after the incident complained of.  *Id.*

The undersigned has reviewed the record before the court and finds that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit.  Although Plaintiff did file a Step

5

1 grievance regarding the alleged incident, Plaintiff did not attach a copy of an answered Request to Staff form as required by SCDC policy, and his grievance was therefore returned unprocessed. *See* ECF No. 1-1.  Plaintiff then completed a Request to Staff Member form on June 3, 2013, received on June 7, 2013, in which Plaintiff explained that he filed a Request to Staff form "at the same time [he] filed [his] grievance" and that he had not received a response as of June 3, 2013.  ECF No. 22-1 at 1.  Plaintiff states that the grievance procedures are inadequate and concludes by stating "I am filing this as a step 2 grievance and will file another grievance for not responding to my request form in time so I could file my grievance within 15 days." *Id.* Plaintiff filed a second Step 1 grievance on June 4, 2013 concerning the May 9, 2013 gassing incident and noted that he also filed Requests to Staff concerning the May 2013 incident that had not been responded to.  ECF No. 22-1 at 2.  Plaintiff received a response to this grievance on June 4, 2013, and it was noted that Plaintiff again failed to attach an answered Request to Staff form, and Plaintiff was told to re-file a new grievance form by June 9, 2013 providing the required answered Request to Staff form or within 5 days of receiving a response to the Request to Staff form. *Id.*  Although it appears that Plaintiff may have attempted to appeal the response to his May 9, 2013 Step 1 grievance, Plaintiff has not offered any evidence that he attempted to re-submit the grievance with the requested Request to Staff form attached and SCDC refused to process this grievance. Therefore, even taking the evidence in the light most favorable to Plaintiff, the record shows that he failed to properly exhaust his remedies. *See Woodford,* 548 U.S. at 90; *Jones*, 549 U.S. at 218. Accordingly, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 27, be granted.  The undersigned considered Plaintiff's summary judgment arguments when evaluating Defendant's Motion for Summary Judgment, and having found that Defendant is entitled to summary judgment on Plaintiff's constitutional claims, the

undersigned recommends that Plaintiff's Motion for Partial Summary Judgment, ECF No. 21, be denied. The undersigned further recommends that the court decline to exercise supplemental jurisdiction over any remaining claims for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

   IT IS SO RECOMMENDED.

February 28, 2014                                             Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge