**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Corey Jawan Robinson, | ) | |
| | ) | Civil Action No. 5:13-cv-01899-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sgt. (SMUA-Shift) Marquart, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Corey Jawan Robinson ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges excessive force, assault and battery, gross negligence, and denial of access to court by Defendant Sgt. Michael Marquardt (identified by Plaintiff as Sgt. (SMUA-Shift) Marquart) ("Defendant"). (ECF No. 1.) This matter is before the court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 21) and Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 27).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On February 28, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Partial Summary Judgment. (ECF No. 33.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed March 7, 2014. (ECF No. 35.) For the reasons set forth herein, the court **ACCEPTS** in part and **REJECTS** in part the magistrate judge's Report. The court thereby **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 27) and **DENIES** Plaintiff's Motion for Partial Summary Judgment (ECF No. 21). For reasons outlined

herein, the court rejects that portion of the magistrate judge's Report that grants summary judgment based on Plaintiff's failure to exhaust his administrative remedies.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own.  However, a recitation of the relevant facts and procedural history is warranted.

Plaintiff is incarcerated at Lieber Correctional Institution ("LCI") within the South Carolina Department of Corrections ("SCDC").  (ECF No. 1 at 3.)  Plaintiff alleges excessive force by Defendant in violation of the Eighth Amendment prohibition of cruel and unusual punishment.  (*Id.* at 4.)  In addition, Plaintiff alleges denial of access to courts in violation of the Fourteenth Amendment and state law claims of assault and battery and gross negligence.  (*Id.*)  Plaintiff seeks to sue Defendant in his individual capacity, to have the district court exercise supplemental jurisdiction over his state law claims, to be awarded compensatory and punitive damages totaling $7,500, to be awarded attorney and court fees, to clear all fees and costs to state and federal courts, injunctive relief to seek outside treatment for medical conditions allegedly exacerbated by the use of chemical munition, and a non-jury trial.  (*Id.* at 6.)

Plaintiff alleges that on May 9, 2013, he did not receive his special diet lunch tray, and began knocking on his cell door to get the attention of a corrections officer to explain the situation.  (*Id.* at 4.)  Plaintiff claims that when Defendant approached his cell, Plaintiff tried to explain he had not received lunch, but the officer "gassed [Plaintiff] with chemical munition and walked off without hearing what the problem was."  (*Id.*)  Defendant contends that Plaintiff continued to kick at his cell door after multiple requests from multiple corrections officers to

stop and after assurances that his lunch was on its way.  (ECF No. 24-1 at 2.)  Defendant further contends that he discharged 18 grams of chemical munition "to restore order to the cell block as [Plaintiff] continued to disregard [Defendant's] directives." (*Id.*)

Plaintiff also contends he is being denied access to courts, as the grievance process at LCI, as amended on May 28, 2013, had prevented him from exhausting his administrative remedies.  (ECF No. 1 at 5.)

Plaintiff filed his Complaint on July 11, 2013.  (ECF No. 1.)  Defendant filed his Answer to Plaintiff's Complaint on August 21, 2013.  (ECF No. 15)  On September 9, 2013, Defendant filed a Motion for Partial Summary Judgment on the issue of excessive force.  (ECF No. 21.)  Defendant filed a Reply to Plaintiff's motion on September 26, 2013 (ECF No. 24), and Plaintiff filed a Reply Motion for Partial Summary Judgment on October 3, 2013.  (ECF No. 25.)  On November 27, 2013, Defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.[1]  (ECF No. 27.)  On December 2, 2013, the magistrate judge entered a *Roseboro* Order[2] advising Plaintiff of the importance of the motion and his need to file an adequate response.  (ECF No. 28.)  Plaintiff filed his Response in Opposition to Defendant's motion on December 23, 2013.  (ECF No. 31).  The magistrate judge issued the Report on February 28, 2014, recommending Defendant's motion be granted due to Plaintiff's failure to exhaust administrative remedies.  (ECF No. 33.)

With the evidence in the record at the time of the magistrate judge's Report, Plaintiff could not demonstrate he had fully exhausted his administrative remedies, providing only

---

[1] The magistrate judge evaluated Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 27) as a motion for summary judgment.  (*See* ECF No. 33 at 1).  The court agrees that Defendant's motion should be construed as such.

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

returned and unprocessed Step 1 Grievance forms that requested Plaintiff attach an answered Request to Staff Member form and resubmit his grievance. (*Id.* at 6.) As Plaintiff could not offer any evidence he had attempted to resubmit a corrected grievance form, the magistrate judge reasoned, Plaintiff could not demonstrate he had properly exhausted his administrative remedies. (*Id.*)

The magistrate judge recommended granting summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (*Id.*) However, the Report neither addressed summary judgment on the merits of the excessive force or state law claims nor Defendant's qualified immunity defense. (*Id.* at 4, n.3.)

Plaintiff timely filed his Objections on March 7, 2014. (ECF No. 35.) Included with his Objections, Plaintiff attached his Step 1 Grievance, including the warden's decision (ECF No. 35-1 at 1-2), and his Step 2 Grievance, which was denied on February 25, 2014. (ECF No. 25-1 at 3.) The Step 2 Grievance form states "The decision rendered by the responsible official exhausts the appeal process of the Inmate Grievance Procedure." (*Id.*) Plaintiff signed the form, acknowledging receipt of the response, on February 27, 2014. (*Id.*)

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with

instructions.  *See* 28 U.S.C. § 636 (b)(1).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.* at 249.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 124 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must set forth specific facts demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Anderson,* 477 U.S. at 252; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *Anderson,* 477 U.S. at 249 (quoting *First Nat. Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 288-89 (1968)).  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).  Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Anderson,* 477 U.S. at 248.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments

5

that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

**Failure to exhaust**

The Prison Litigation Reform Act ("PLRA") provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  To satisfy this requirement, a plaintiff must use "all steps the agency holds out, and [do] so properly."  *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002).

With the evidence available to the magistrate judge at the time of writing the Report, Plaintiff could not provide proof he had used all steps provided by LCI, nor that he had done so properly.  (ECF No. 33 at 6.)  Under the SCDC Inmate Grievance Branch policy, amended on May 28, 2013, and applied to grievances filed starting May 6, 2013, inmates are required to attach an answered Request to Staff Member form to a grievance.  (ECF No. 1-1 at 1.)  In the record available to the magistrate judge, Plaintiff could only provide proof of Step 1 Grievance forms that were returned because he had not attached an answered Request to Staff Member form and did not provide evidence he had attempted to submit a corrected grievance.  (ECF No. 33 at 6.  *See* ECF No. 1-1 at 3; ECF No. 22-1 at 2.)

Under the policy, any grievance alleging criminal activities is provided to the Division of Investigations ("DOI") for possible investigation.  (ECF No. 1-1 at 2.)  Due to the allegations Plaintiff made in his grievance, his grievance was forwarded to the DOI per the policy.  (ECF No. 1-1 at 3; ECF No. 35-1 at 1.)  In his July 23, 2013, decision regarding Plaintiff's grievance,

LCI's warden indicated the DOI had investigated Plaintiff's allegations and referred the matter to the warden, who denied the grievance. (ECF No. 35-1 at 2.) On July 25, 2013, Plaintiff filed a Step 2 Grievance, appealing the denial. (*Id.* at 3.) This grievance was also denied, with a decision dated February 25, 2014, three days before the magistrate judge filed the Report. (*Id.*) Plaintiff signed the Step 2 Grievance form, acknowledging receipt of the decision, on February 27, 2014, the day before the Report was filed. (*Id.*) The warden's response to the Step 1 Grievance and the Step 2 Grievance and response were not in the record available to the magistrate judge when she issued her Report.

In light of Plaintiff's submission with his Objections of his denied Step 2 Grievance form, which states that the decision rendered "exhausted the appeal process" (*Id.*), Plaintiff can show he has exhausted his administrative remedies. As such, the court declines to adopt the magistrate judge's recommendation that Defendant's Motion for Summary Judgment be granted due to Plaintiff's failure to exhaust his administrative remedies.

**Excessive Force**

To prove a claim of excessive force, a plaintiff must satisfy the two-part test outlined by the Fourth Circuit in *Iko v. Shreve,* 535 F.3d 225 (4th Cir. 2008). Under this standard, a plaintiff must show "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.* at 238 (quoting *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir.1996)).

Although Plaintiff and Defendant offer affidavits from witnesses providing different facts surrounding the incident that could create a genuine dispute of material fact regarding Defendant's state of mind under the subjective component (*see* ECF No. 22-1 at 3-8; ECF No.

7

24-1 at 1-3; ECF No. 27-1 at 1-3), where Plaintiff fails is under the objective component. With the facts in the record, Plaintiff not only fails to establish a "sufficiently serious" injury, but any injury at all. Attached to his Reply Motion for Partial Summary Judgment (ECF No. 25), Plaintiff provides 35 pages of medical records and Request to Staff Member forms requesting medical attention. (ECF No. 25-1.) The Medical Summary entry for May 9, 2013, the date of the incident, reports "No medical issues noted nor did [inmate] make any complaints related to medical issues. No resp. issues noted." (*Id.* at 11. *See also* Affidavit of Toby Markowitz, RN, ECF No. 24-2 at 1-2.) None of the subsequent entries in Plaintiff's Medical Summary mentions any of Plaintiff's alleged injuries due to the use of chemical munition on May 9, 2013. (ECF No. 25-1 at 11-14.) Additionally, none of the Request to Staff Member forms attached to Plaintiff's Reply Motion is from the period following the incident on May 9, 2013, and therefore these forms provide no evidence of Plaintiff's alleged injury. (ECF No. 25-1.) Plaintiff's sole evidentiary offering is his own conclusion that the chemical munition caused blurry vision and a burning sensation in his lungs. (ECF No. 1 at 4.) "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis,* 53 F.3d at 62. As such, Plaintiff can show no genuine dispute of material fact regarding an injury sustained by Defendant's actions, and therefore Defendant is entitled to summary judgment on this claim.

     Furthermore, Defendant argues he is entitled to qualified immunity for his actions on May 9, 2013. Government officials performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne,* 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). When evaluating a claim for qualified immunity, the court must first determine whether Plaintiff has

alleged a deprivation of an actual constitutional right. *Id.* As discussed, Plaintiff cannot allege a deprivation of an actual constitutional right, as he cannot demonstrate any injury as the result of Defendant's actions. As such, Defendant is entitled to qualified immunity on this claim.

As the court finds Defendant is entitled to summary judgment on Plaintiff's excessive force claim, the court accepts the magistrate judge's recommendation that Plaintiff's Motion for Partial Summary Judgment on this claim (ECF No. 21) be denied.

**Denial of Access to Courts**

Plaintiff also alleges a denial of access to court based on the grievance policy at LCI. (ECF No. 1 at 4-5.) Plaintiff alleges that the policy is designed to prevent plaintiffs from exhausting administrative remedies and therefore precludes them from filing suit. (*Id.* at 5.) Plaintiff, however, fails to allege any facts that show Defendant personally acted to prevent Plaintiff's access to the courts and therefore Defendant is entitled to summary judgment on this claim.

**Assault and Battery and Gross Negligence**

Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." As the court has found Defendant is entitled to summary judgment on Plaintiff's constitutional claims, the court accepts the magistrate judge's recommendation that the court decline to exercise supplemental jurisdiction over any remaining claims under state law.

**CONCLUSION**

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** in part and **REJECTS** in part the Report of the magistrate judge (ECF No. 33). It is therefore ordered that Defendant's Motion

for Summary Judgment (ECF No. 27) is **GRANTED** and Plaintiff's Motion for Partial Summary

Judgment (ECF No. 21) is **DENIED**.

     **IT IS SO ORDERED.**

<br>

United States District Judge

September 10, 2014
Columbia, South Carolina